# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, | ) |
| | ) Case No.: 24-279 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| KOLZ PROPERTIES LLC | ) |
| | ) **PETITION FOR APPOINTMENT** |
| Defendant. | ) **OF AN UMPIRE** |

**NOW COMES** the Plaintiff, Evanston Insurance Company ("Evanston"), by and through its undersigned attorneys, and for its Petition for The Appointment of an Umpire, states as follows:

## PRELIMINARY STATEMENT

1. Evanston files this action for declaratory relief against Kolz Properties LLC ("Kolz") for the purpose of having this Court appoint a competent and impartial umpire pursuant to the Evanston insurance policy.

## PARTIES

2. Plaintiff Evanston is, and at times mentioned herein was, a corporation incorporated in Illinois, with its principal place of business in Illinois.

3. Kolz was and is a limited liability corporation, and its members are Kyle Oliver and Luke Zartman, both of whom are, on information and belief, citizens of Indiana.

4. There is complete diversity of citizenship between the parties.

## JURISDICTION AND VENUE

5. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is a complete diversity of citizenship between the Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000, and an actual controversy within the meaning of 28

U.S.C. § 2201 exists between the parties.

6. This Court has personal jurisdiction over Kolz.

7. The instant action properly lies in the United States District Court for the Northern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## FACTUAL BACKGROUND

8. Evanston issued insurance policy no. CIT-0000800 (the "Policy") to Connected Investors Real Estate Insurance Services ("Connected"), a copy of which is attached as **Exhibit 1**.

9. Kolz is a participating member in Connected, and is covered by the Policy per the endorsement attached as **Exhibit 2**.

10. The Policy provided for the applicable coverages being in place from June 8, 2022 to June 8, 2023 (the "Policy Period").

11. Kolz made a claim to Evanston for damage to its property at 166 EMS W29 Lane, North Webster, Indiana (the "Property") that was alleged to have occurred on or about June 13, 2022 when a tree fell on the Property ("the Claim").

12. After Evanston investigated the Claim, the parties disagreed over the amount of loss. Kolz contended that the amount of the loss was a Replacement Cost Value ("RCV") $206,075.00, less a deductible of $7,706.20, for an Actual Cash Value ("ACV") of $198,368.80.

13. In the event of a disagreement over the amount of loss, the Policy contains an appraisal provision which states, in relevant part, as follows:

> **B. LOSS CONDITIONS**
>
> \*\*\*
>
> **2. Appraisal**
>
> If we and you disagree on the value of the property or the

amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

    a.    Pay its chosen appraiser; and

    b.    Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

14. Kolz demanded an appraisal of the Claim.

15. Evanston conditionally agreed to appraisal provided the scope of the appraisal was limited to the value of the damage caused by the fallen tree and did not include pre-existing or excluded damage.

16. Evanston appointed Ray Pawlak as its appraiser and Kolz appointed Shawn Blank as its appraiser (the "Appraisers").

17. The Appraisers have not been able to agree upon and select an umpire.

18. There is an actual and justiciable controversy between the parties concerning the appointment of an umpire.

## **DECLARATORY RELIEF – APPOINTMENT OF UMPIRE**

19. Based upon the foregoing and the applicable Policy language, Evanston requests that this Court select a competent and impartial umpire, which is necessary to move forward with the appraisal and Kolz's claim.

20. Evanston proposes five well-qualified and impartial candidates for umpire:

21. Evanston proposes **Kurt Ehlers** to be appointed umpire. A copy of his CV is attached as **Exhibit 3**.

22. Mr. Ehlers, of KurPen Inc. in Chanhassen, Minnesota, has completed more than 1,000 appraisals as an appraiser or umpire, and has inspected more than 3,000 properties for contractors and insurance companies. *See* Ex. 3, p. 1.

23. Mr. Ehlers has extensive Xactimate[1] training and is up-to-date on current pricing for all U.S. regions. *Id.*

24. Mr. Ehlers' education includes a B.A. in Business from the University of Minnesota as well as Kaplan Insurance. *Id.*

25. Mr. Ehlers' experience prior to KurPen Inc. includes Contractor Insurance Support (CIS), Pacific Specialty Insurance Company – Palo Alto California, and IMS Claims Services – Bradenton Florida. *Id.*

26. Alternatively, Evanston proposes **Jeffery L. Button** to be appointed umpire. A copy of his CV is attached as **Exhibit 4**.

27. Mr. Button is a Senior Director at DBI Consultants, and he is practice leader for DBI's Roofing & Building Envelope practice. *See* Ex. 4, p. 1.

28. Mr. Button has thirty-five years of experience in architecture, engineering, inspection, forensic consulting, building damage evaluation, and construction project management. *Id.*

29. Mr. Button has designed and assessed projects in the United States, Canada, Bahamas, and U.A.E., including high rise, low rise, and below grade structures, commercial and residential structures, schools, office buildings, hotels manufacturing plants, aviation facilities,

---

[1] Xactimate is the widely-used estimating software program for insurance restoration work.

4

warehouses, health care buildings, and laboratories. *Id.*

30. Mr. Button is a Registered Architect (RA), Registered Roof Consultant (RRC), Registered Waterproofing Consultant (RWC), and a member of AIA, NCARB, and the International Institute of Building Enclosure Consultants (IIBEC). *Id.*

31. Mr. Button has evaluated structures for weather-related damage including wind, hail, snow/ice structure collapses, construction defects, decay and pre-existing damage, fire, water intrusion, settlement and foundation defects, code compliance, and material defects. *Id.*

32. Alternatively, Evanston proposes **Michael B. Newman** to be appointed umpire. A copy of his CV is attached as **Exhibit 5**.

33. Mr. Newman is a Senior Principal of Newman Construction Consulting. *See* Ex. 5, p. 1.

34. Mr. Newman has been a leader in construction, restoration, consulting, estimating, and job site monitoring for clients over the past 30 years, and has worked on some of the largest and most complex loss projects in the United States and internationally, including the 2008 Midwest floods, the 2010 Chile earthquakes, and the 2011 Midwest tornadoes, providing consulting services on more than $7 billion dollars of project value in his career. *Id.*

35. Mr. Newman provides expert witness services to attorneys and appraisal services to the insurance industry as an impartial umpire and impartial appraiser. *Id.*

36. Alternatively, Evanston proposes **T. Kyle Green** to be appointed umpire. A copy of his CV is attached as **Exhibit 6**.

37. Mr. Green is an insurance adjuster, appraiser, advocate, and umpire with more than twenty-five years of experience in the Restoration and Insurance Industries. *See* Ex. 6, p. 1.

38. Mr. Green has adjusted insurance claims in more than twenty states on behalf of

more than fifty insurance companies. *Id.*

39. Mr. Green has "P.L.A.N." appraisal and Umpire certifications. *Id.*

40. Mr. Green is frequently called upon to serve as an appraiser or a neutral appraiser umpire across the country and has successfully resolved complex disputes on losses in excess of $4 million. *Id.*

41. Mr. Green has been designated as a court-appointed neutral umpire in Tennessee on multiple occasions. *Id.*

42. Mr. Green is proficient and operating at an expert level within a variety of estimating platforms including Xactimate, Symbility, and Simsol. *Id.*

43. Mr. Green has handled more than 10,000 first-party insurance claims, and has experience and expertise in evaluating and estimating a variety of structure losses. *Id.*

44. Finally, Evanston proposes **Steven A. Thomas** to be appointed umpire. A copy of his CV is attached as **Exhibit 7**.

45. Mr. Thomas, located in Morgantown, Indiana, has had 49 years in the insurance industry as a Large Loss Commercial field and desk adjuster and all lines General Adjuster. *See* Ex. 7, p. 1.

46. Mr. Thomas provides appraiser, arbitrator, umpire, and expert witness services relating to property claims in connection to claims for a number of insurance carriers. *Id.*

Mr. Thomas is licensed as an Insurance Adjuster in Indiana and in Florida. *Id.*

WHEREFORE, Evanston respectfully requests that the Court enter an Order appointing a competent and impartial umpire to serve in a manner consistent with the Policy, with such other and further relief as this Court deems just and appropriate under the circumstances.

DATED:  April 3, 2024

    /s/ *Howard J. Pikel*
Howard J. Pikel

FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
mponzi@fgppr.com

*Attorneys for Plaintiff*
*Evanston Insurance Company*